IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | **CIVIL NO. 1:10-CV-02516** |
| **Plaintiff** | : | **(Judge Rambo)** |
| **v.** | : | |
| **JERRY EVERHEART,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Before the court is Plaintiff Ronald L. Bricker's motion for reconsideration of the court's order of January 24, 2011 (Doc. 11), dismissing the case without prejudice for Plaintiff's failure to properly complete and submit the forms required to proceed *in forma pauperis*. (Doc. 12.) For the reasons that follow, the instant motion (Doc. 12) will be denied.

## **I. Background**

Plaintiff, an inmate incarcerated at the State Correctional Institution in Houtzdale, Pennsylvania, initiated this action with a civil rights complaint pursuant to 42 U.S.C. § 1983 on December 10, 2010. (Doc. 1.) Plaintiff did not submit a filing fee or the proper forms required to proceed *in forma pauperis*. By administrative order dated December 15, 2010, Plaintiff was informed that the case would be dismissed without prejudice unless, within thirty (30) days, he either paid the statutory

filing fee of $350.00 or filed a properly completed application to proceed *in forma pauperis* and an authorization form. The appropriate forms were enclosed with the order.

On January 4, 2011, Plaintiff submitted the forms that were provided to him, but indicated on both the application to proceed *in forma pauperis* and the authorization form that he was signing them under duress and coercion. (Docs. 8, 9.) He also noted objections to all of the questions and statements on both forms. (*See* Docs. 7-10.) Subsequently, by order dated January 24, 2011, the case was dismissed without prejudice because thirty (30) days had elapsed and Plaintiff had neither properly completed and submitted the required forms, nor requested an extension of time in which to do so. (Doc. 11.)

Consequently, Plaintiff filed the instant motion for reconsideration. (Doc. 12.) In his motion, Plaintiff seemingly argues that the case should be reopened because the undersigned is "corrupted," the Federal Rules of Criminal Procedure are unconstitutional, and he is being falsely imprisoned because the Pennsylvania Constitution has "NO Criminal Code, Saving Clause, Provision, or Schedule." (*Id*.) (emphasis in original.) After careful review, the court will deny the motion.

## II. Discussion

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to

the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Applying the standard used when a party seeks reconsideration, the court concludes that Plaintiff has not demonstrated any of the applicable grounds for reconsideration. Initially, the court finds no intervening change in controlling law and no error of law or fact. Additionally, Plaintiff's arguments do not constitute new evidence that was unavailable when the court entered judgment. Furthermore, Plaintiff's arguments do not support reconsideration for reopening the case, rather simply seem to be in further objection to the application to proceed *in forma pauperis* and authorization form. While Plaintiff may disagree with the outcome, the court finds no basis to reconsider the earlier decision. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: February 11, 2011.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD L. BRICKER,** | : | **CIVIL NO. 1:10-CV-002516** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| v. | : | |
| | : | |
| **JERRY EVERHEART,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

# <u>O R D E R</u>

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 12) is **DENIED**.

s/Sylvia H. Rambo
United States District Judge

Dated: February 11, 2011.